IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **PRIME FOODS FOR PROCESSING AND TRADING** | * <br> * <br> * |
| Plaintiff, | * <br> *    Civil No. **PJM 18-2534** |
| **GREATER OMAHA PACKING CO., INC.**, *et al.* | * <br> * <br> * |
| Defendants. | * |

## MEMORANDUM OPINION

This case concerns alleged business identity theft. Plaintiff Prime Foods for Processing and Trading ("Prime Foods"), a beef retailer based in Egypt, had an ongoing business relationship with Defendant Greater Omaha Packing Co., Inc., an American beef supplier based in Omaha, Nebraska. In September 2017, Prime Foods received carefully crafted emails from an email address that appeared to match that of their normal contact at Greater Omaha Packing Co., Inc., but with two letters transposed. ECF No. 1, ¶¶ 21, 24. The emails included invoices that seemed to match the legitimate orders Prime Foods had placed, ECF No. 1, ¶ 24, and directed Prime Foods to wire payments for the orders to a Bank of America account associated with the bank's branch in Bowie, Maryland. ECF No. 1, ¶ 25. That account was held in the name of "Greater Omaha Packing Inc.," a business name that matches the name of the legitimate company Prime Foods dealt with except that the word "Co." was missing from the illegitimate account. *See* ECF No. 1-3, p. 2. In all, Prime Foods claims it wired $104,572.50 to the allegedly fraudulent company at that account. ECF No. 1, ¶ 7.

The legitimate beef supplier, Greater Omaha Packing Co., Inc., was dismissed from this suit for lack of personal jurisdiction, ECF No. 41, and the allegedly fraudulent company, Greater

1

Omaha Packing, Inc., has not made an appearance. Therefore, the only remaining active defendant is Bank of America, N.A. ("Bank of America"). Prime Foods alleges that the bank negligently allowed individuals to open the account in the guise of a legitimate business name and thereafter refused to transfer and/or return the funds sent to the account. ECF No. 1, ¶¶ 52-60.

Per a joint status report dated March 22, 2019 Prime Foods and Bank of America informed the Court that they were engaged in "fruitful discussions" to enable "expeditious resolution of this matter" and that the parties "intend to also begin discovery procedures in order to continue the process of litigating the matter imminently." ECF No. 43. It seems, however, Prime Foods has since failed to actively prosecute its case.

There is no indication that the parties have exchanged any discovery, despite the discovery deadline of August 5, 2019. *See* ECF No. 44 (Scheduling Order). Instead, on August 5, 2019, counsel for Prime Foods informed the Court that he had not been able to contact his client despite multiple attempts and that he would soon be filing a Motion to Withdraw. *See* ECF No. 45. Several days later, on August 14, 2019, counsel did file a Motion to Withdraw, certifying that he had sent a copy of the Motion to his client. ECF No. 46-1.

Upon receipt of counsel's motion, the Court notified Prime Foods that Local Rule 101.1(a) requires that all parties other than individuals be represented by counsel and that new counsel had not entered an appearance on behalf of Prime Foods. ECF No. 47. The Court gave Prime Foods thirty days from the date of the Order, August 27, 2019, to obtain new counsel. *Id.* In its Order, the Court explicitly stated that if new counsel did not enter an appearance within thirty days, "the Court is prepared to grant the Motion to Withdraw and entertain Bank of America's pretrial dispositive motion." *Id.* No new counsel for Prime Foods ever entered an appearance.

On September 3, 2019 – the deadline for dispositive pretrial motions – Bank of America filed a Motion to Dismiss for Failure to Prosecute, ECF No. 48. Bank of America claims that "Plaintiff has made no effort to proceed with the prosecution of its claims against [Bank of America]." *Id.*, p. 1. Moreover, the allotted thirty days for Prime Foods to obtain new counsel have elapsed and, as of the date of this Opinion, no attorney has entered an appearance on Prime Foods' behalf nor has Prime Foods otherwise responded to the Court.

While the Court obviously prefers to decide cases on the merits, *see, e.g., Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978), "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders," *Ballad v. Carlson*, 882 F.2d 93 (4th Cir. 1989) (citing Fed. R. Civ. P. 41(b)). "Prior to dismissing a case for failure to prosecute" the court should consider "(1) the plaintiff's degree of personal responsibility; (2) prejudice to the defendant; (3) whether plaintiff has a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the existence of less drastic sanctions." *Bailey v. Edwards*, 573 Fed. Appx. 268, 269 (Mem) (4th Cir. 2014) (citations immitted); *see also Gnatt v. Maryland Div. of Correction*, 894 F. Supp. 226 (D. Md. 1995). This formula need not be followed rigidly if the Court "provided 'explicit and clear' warning that the failure to comply with the order would result in dismissal of the case..." *Bailey,* 573 Fed. Appx. *at 269* (quoting *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471-72 (4th Cir. 1993).

The Court could not have been clearer to Prime Foods concerning the consequences of its inaction. Despite ample time to comply with the Court's Order to obtain new counsel or otherwise respond to the Court, Prime Foods has failed to do so. As Bank of America indicates in its motion, "over a year has passed since the filing of the Complaint" and Prime Foods "has made no effort to

proceed with the prosecution of its claims against [Bank of America]." ECF No. 48, pp. 1-2. Indeed, there is no indication that granting Prime Foods even more time and leeway would yield any different result. Accordingly, the Court **GRANTS** Bank of America's Motion to Dismiss, ECF No. 48.

A separate Order will **ISSUE**.

/s/
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**October 29, 2019**